UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH ONYECHI,** | |
| Plaintiff, | Civil Action No.: 21-11363 (CCC)(MAH) |
| v. | |
| **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** | |
| Defendant. | ORDER |

This matter having come before the Court by way of Plaintiff *pro se* Kenneth Onyechi's motion for the appointment of pro bono counsel [D.E. 4];

and Plaintiff's motion explaining that pro bono counsel should be appointed because he " . . . [doesn't] have authorization to obtain evidence associated with [the] case[,] such as video footage," Pl. Mot. for Appt. of Pro Bono Counsel, May 24, 2021, D.E. 4, at 3;

and Plaintiff's motion further explaining that pro bono counsel should be appointed because he "has no prior experience" pursuing legal action, *id.*;

and Plaintiff's motion further explaining that every attorney he has contacted to take his case has denied the request, *id.*;

and the Court finding that, although he has submitted an application, Plaintiff has not been certified to proceed in forma pauperis;[1]

---

[1] Being certified to proceed in forma pauperis meets a necessary condition for having counsel appointed, but even that it is not by itself sufficient. *See Clinton v. Jersey City Police Dep't*, No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other *Tabron* factors.").

and the Court noting that pursuant to 28 U.S.C. 1915(e)(1), a District Court may not appoint pro bono counsel to a person who has not been certified to proceed in forma pauperis;[2]

and the Court having reviewed the motion and considered the applicable law;

and the Court, therefore, finding that it would be premature to consider Plaintiff's motion for appointment of pro bono counsel;

**IT IS therefore on this 4th day of June 2021,**

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel [D.E. 4] is **DENIED without prejudice** to his right to refile a renewed motion to appoint pro bono counsel that complies fully with the requirements of 28 U.S.C. 1915(e)(1) and applicable law.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

---

[2] *See Parker v. Montgomery Cty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 148 (3d Cir. 2017) (noting that the Court provisionally granted Plaintiff's in forma pauperis certification "solely for the purpose of considering his counsel motions.").